**SCHITA v. KING.**

No. 12402.

Circuit Court of Appeals, Eighth Circuit.

Feb. 15, 1943.

Valdo B. Schita, appellant pro se.

Otto Schmid, Asst. U. S. Atty. (Maurice M. Milligan, U. S. Atty., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order dismissing a writ of habeas corpus, by which appellant sought relief from a judgment of a general court martial convicting him of murder. We shall refer to the appellant as petitioner and the appellee as respondent.

Petitioner, a colored man, confined in the United States Hospital for Defective Delinquents at Springfield, Missouri, without the assistance of counsel, prepared and filed his petition for writ of habeas corpus alleging:

(1) That he was being illegally and unlawfully restrained of his liberty.

(2) That he in form had been found guilty of murder by an alleged general court martial.

(3) That he had been denied a fair and impartial trial by said tribunal, (a) in that he was denied the right to be represented by military counsel of his own choosing; (b) in that he was represented by civilian counsel who was wholly unprepared and whose only conference or opportunity for conference with petitioner occurred on the day of trial and lasted only ten minutes; (c) in that he was denied the right to call witnesses in his own behalf; (d) in that witnesses testifying against him were examined in his absence so that he was denied the right of confrontation; (e) in that he was arbitrarily removed from the military camp where the crime was alleged to have been committed in New Jersey to Fort Jay on Governor's Island in the State of New York; (f) in that the witnesses who testified against him were not sworn and did not testify under oath; (g) in that petitioner and his witnesses were intimidated; (h) in that he was convicted of felonious assault on one Eugene Hines, though not tried for that offense, his trial being for the alleged murder of one Joseph Fagan; (i) in that he was charged in one indictment with two alleged offenses, to-wit: the murder of Private Joseph Fagan and of a felonious assault upon Private Eugene Hines with intent to kill; (j) in that he was denied the right of appeal.

Respondent filed a return to the writ issued admitting the retention charged in the petition by the court alleging in effect that the petitioner was tried in general court martial of the United States Army at Governor's Island in New York, and sentenced to serve a life sentence for

murder and assault with intent to kill; that the date of said sentence was December 29, 1917; that, thereafter, and on August 25, 1939, petitioner was transferred by direction of the attorney general of the United States to the Medical Center for Federal Prisoners at Springfield, Missouri; that his term of imprisonment has not expired; that respondent has custody of petitioner under and by virtue of the sentence and committment referred to. This return contained a general denial of the allegations of petitioner's original application except as to matters specifically admitted. Thereafter, and before the hearing, petitioner filed an amended petition which contained practically all of the charges above noted, many of which had not been included in his original petition. Apparently this amended petition was not traversed by respondent, either by general or specific denial. Petitioner, by leave of court, prosecuted his application in forma pauperis and his appeal is likewise so prosecuted. Both the original and amended petitions were prepared without the advice or assistance of counsel, but counsel was appointed for him after the initiation of the proceedings. The first counsel soon became disqualified because of appointment to official position. Other counsel was later appointed to represent petitioner at the hearing and in fact appeared at the hearing on behalf of petitioner. Petitioner has, however, prosecuted his appeal without assistance of counsel. In these circumstances we have thought it essential to the protection of the rights of petitioner that the technical rules of procedure be liberally construed in his favor as he is not only restrained of his liberty but is presumably non compos mentis. In such circumstances his rights as a citizen must be jealously guarded by the court.

In respondent's brief it is recited that "at the hearing the original commitment and the order for removal of the petitioner from the United States Penitentiary at Atlanta, Georgia, to the Medical Center for Federal Prisoners at Springfield, Missouri, were offered and received in evidence. The petitioner testified, his attorneys presented the points of fact and law which the petitioner desired the court to consider, and the case was submitted on its merits. * * * At the hearing before Judge Reeves above mentioned, petitioner's counsel read or stated each point to the court and the court's ruling was then and there made as to each point. Counsel neither assented nor objected to the rulings. As to most of the points received, the court held that if the facts were as the petitioner pleaded, he still was not entitled to his release. All points were ruled against the petitioner".

An examination of the transcript filed in this court contained only the primary record. In connection with his appeal petitioner requested that a transcript of the record be prepared including certain specified papers and documents, among them being "6, Bill of Exceptions; 7, Ruling of the Court; 18, Any and all other papers which have been filed in this matter and which are relevant thereto and which are a necessary part of this appeal proceeding to get the facts before the appeal court and show what occurred material to the matter under appeal". This condition of the record being called to the attention of the assistant United States attorney there was filed by leave of this court a supplemental transcript. This recites the appearance of petitioner and his counsel and the appearance of an assistant United States attorney; that the petitioner "being asked by the court if he was ready to proceed with the trial, made a brief statement to the court in accordance with the facts as stated in his petition; that he had nothing to offer in addition thereto, that he desired to have the facts as set out in his petition presented to the court by his attorney. Thereupon, the attorney for the petitioner read to the court the points raised by the petitioner as set out on pages 56, 57, 58 of petitioner's supplementary petition. Counsel read each point to the court and made comments thereon. The court made a ruling after the presentation of each point; the ruling of the court was against the petitioner on each point, and with reference to the facts presented, the ruling was that, if the facts were as presented, the petitioner was not entitled to his release, and that the facts do not show denial of due process".

This transcript also recites that "the points and facts presented were matters of irregularity at the trial; that the military court did not lose jurusdiction and that it had a right to impose sentence". This

transcript set out a copy of certain records which are as follows:

"Headquarters Eastern Department
"General Court-Martial
"Orders, No. 1320

"Governors Island, New York City.
"December 29, 1917.

"Before a general court-martial which convened at Governors Island, New York, pursuant to paragraph 3, Special Orders, No. 304, November 27, 1917, Headquarters Eastern Department, was arraigned and tried:

"Sergeant Valdo B. Schita, Company I, 15th Regiment, N. Y. Infantry.

"Charge I: Violation of the 92d Article of War.

"Specification: In that Sergeant Valdo B. Schita, Company I, 15th Regiment, N. Y. Infantry, did, at Camp Merritt, Tenafly, N. J., on or about the 25th day of November, 1917, with malice aforethought, wilfully, deliberately, feloniously, unlawfully and with premeditation, kill one Private Joseph Fagan, Company I, 15th Regiment, N. Y. Infantry, a human being, by shooting him with a rifle.

"Charge II: Violation of the 93d Article of War.

"Specification: In that Sergeant Valdo B. Schita, Company I, 15th Regiment, N. Y. Infantry, did, at Camp Merritt, Tenafly, N. J., on or about the 25th day of November, 1917, with intent to do him bodily harm, feloniously assault and shoot with a rifle Private Eugene Hines, Company I, 15th Regiment, N. Y. Infantry.

"Pleas.

"To all the Specifications and Charges: 'Not Guilty.'

"Findings.

"Of the Specification and Charge I: 'Guilty.'

"Of the Specification, Charge II: · 'Guilty, except the words "with intent to do him bodily harm," and of the excepted words of Not Guilty.'

"Of Charge II: 'Guilty.'

"Sentence.

"To be dishonorably discharged the service, to forfeit all pay and allowances due and to become due, and to be confined at hard labor at such place as the reviewing authority may direct for the term of his natural life.

"(G.C.M.1320)

"2

"The sentence is approved and will be duly executed. The United States Penitentiary, Atlanta, Ga., is designated as the place of confinement, but pending further orders this general prisoner will be held at the Atlantic Branch, United States Disciplinary Barracks, Ft. Jay, N. Y.
(2o1 J.A.)

"By command of Brigadier General Hoyle:

"W. A. Simpson,
"Adjutant General,
"Adjutant."

The court entered findings to the effect that the petitioner was charged, arraigned, and tried before a general court martial of the Eastern Department of the United States Army at Governor's Island, New York; that the charge stated specifically that the petitioner on or about the 25th of November, 1917, wilfully and with malice aforethought, shot and killed Private Joseph Fagan; that it also charged him with a felonious assault with intent to kill Private Eugene Hines; that the court martial imposed sentence including a term of imprisonment at hard labor for his natural life; that prior to August 21, 1939, he had been removed to the Medical Center for Federal Prisoners at Springfield, Missouri, where he has since been and now is an inmate; that able counsel was appointed to represent him at his trial; that his counsel had ample time for preparation of the defense; that the attorney was well qualified by experience to defend petitioner; that he was not denied due process and the right to have witnesses appear in his behalf; that the constitutional rights of the petitioner were fully respected by the general court martial and that the proceedings were regular.

In his assignments of error petitioner challenges the findings on the ground that there was no evidence, according to the rules of evidence, put before the court, and no testimony to rebut or deny the sworn pleadings of the petitioner. Many of the findings are challenged as not being supported by any evidence.

There was no answer to petitioner's amended petition, the allegations, therefore, stood admitted and according to the supplemental transcript no evidence was received other than the two documents, being the record of the general court martial including copy of the charges, plea, findings and sentence.

 The supplemental transcript shows that as counsel for petitioner read each point, which we assume includes the points which we have enumerated, to the court and made comments thereon, the court made a ruling that "if the facts were as represented the petitioner was not entitled to his release". This, we take it, was tantamount to holding that conceding the facts as alleged by petitioner, they were insufficient to show that petitioner had been denied due process of law at the court martial hearing resulting in the judgment and sentence of conviction.

In this, we think, there was error. The judgment did not carry with it the presumptions of legality and validity which protect the judgment of a civil court of general jurisdiction against collateral attack. Ver Mehren v. Sirmyer, 8 Cir., 36 F.2d 876; Runkle v. U. S., 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049. As the record stands, it appears that the allegations contained in petitioner's amended petition relative to the proceedings resulting in his conviction, though taxing credulity, stood without dispute. There was no evidence received at the hearing tending to dispute these charges but the court was of the view that they were not sufficient to show lack of due process or want of jurisdiction in the court to enter the judgment of conviction. In view of the trend of modern decisions, particularly the decisions of the Supreme Court, we cannot accept this view as sound. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Chambers v. State of Florida, 309 U.S. 227, 60 S. Ct. 472, 84 L.Ed. 716; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. We think, too, the petitioner was entitled to have a bill of exceptions settled.

As this case must be retried we take occasion to suggest that a record of the proceeding be so taken and preserved that a fair bill of exceptions can, if necessary, be prepared and settled. Petitioner is not only entitled to the appointment of counsel in ample time to enable such counsel to prepare for trial, but he is entitled to have the record of the hearing, including the testimony, preserved in such manner as to enable him if occasion shall arise to present his case to an appellate court. Adams, Warden of the City Prison of Manhattan et al. v. United States of America, 63 S.Ct. 236, 87 L.Ed. ——; Miller v. United States of America, 63 S.Ct. 187, 87 L.Ed. ——; Holmes v. United States, 314 U.S. 583, 62 S.Ct. 357, 86 L.Ed. 472.

The order appealed from is, therefore, reversed and the cause is remanded with directions to grant petitioner a new trial.