424 P.2d 394

**Fairl S. HADDON, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

**No. 9828.**

Supreme Court of Idaho.

March 3, 1967.

Fairl S. Haddon, pro se.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Asst. Atty. Gen., Boise, for respondent.

TAYLOR, Chief Justice.

February 18, 1965, a criminal complaint was filed in justice court in Bonneville County charging plaintiff (appellant), then 23 years of age, with the crime of grand larceny; a warrant of arrest was issued upon which plaintiff was arrested and brought into court February 19, 1965. He requested time to consult his attorney and was admitted to bail. March 16, 1965, plaintiff appeared in the justice court with his attorney, Fred J. Hahn, waived preliminary hearing and was held to answer the charge in the district court. On the same day information was filed in the district court and plaintiff appeared for arraignment without counsel, represented to the court that he was without funds to employ counsel and, at his request, Fred J. Hahn was appointed to represent him. Mr. Hahn appeared, consulted with plaintiff, and advised the court that plaintiff was ready to proceed. Upon the arraignment plaintiff entered a plea of guilty. Upon motion of plaintiff's counsel the court ordered a presentence investigation by the State Board of Correction.

April 5, 1965, plaintiff with his court-appointed counsel appeared before the court for arraignment for sentence. His counsel moved the court that judgment be withheld and plaintiff be placed on probation. After hearing on the motion, the motion was denied and plaintiff was adjudged guilty as charged. Sentence of imprisonment in the state penitentiary for a period not to exceed five years was entered. Execution of the sentence was suspended and plaintiff was placed on probation, in charge of the State Board of Correction for a period of two years upon certain conditions set forth in the order and in an agreement of probation signed by the plaintiff.

April 21, 1965, plaintiff was again brought before the district court and in the presence of his counsel was charged with having violated the conditions of his parole by procuring beer for minors. The court after hearing evidence and arguments of counsel continued plaintiff's probation, and cautioned him against further violation and added additional conditions of probation.

May 4, 1965, plaintiff was again brought before the court, charged with having committed an act of sexual intercourse upon the person of a female, not the wife of plaintiff, and under the age of 18 years (rape). His counsel was again present. Plaintiff's counsel moved that the probation be continued, representing that the girl's parents would consent to her marriage to plaintiff. After further hearing the court revoked plaintiff's parole and continued the cause to permit further showing by plaintiff of consent to the proposed marriage.

May 7, 1965, the plaintiff appeared before the district court, this time without counsel. At that time the court advised plaintiff that his probation would not be further continued even if consent to marriage were given. Plaintiff was committed to the custody of the warden of the state penitentiary in execution of the judgment originally entered.

December 13, 1965, plaintiff, then an inmate of the state penitentiary at Boise, filed his petition in the district court in Ada County for a writ of habeas corpus. He alleged (1) that his plea of guilty had been entered as a result of coercion by the sheriff of Bonneville County; (2) that he was denied a preliminary hearing and denied an attorney to represent him at a preliminary hearing; (3) that he was never served with a warrant of arrest; (4) that he was not represented by an attorney when his sentence of imprisonment was entered, nor when his probation was revoked; (5) he did not have a fair trial.

Writ was issued, returnable January 3, 1966. The warden brought plaintiff into court and a hearing was had upon the petition and return. The petition was treated

as a traverse of the return. Plaintiff appeared without counsel. The judgment and committment held by the warden were admitted in evidence. Plaintiff was sworn and testified. He was also examined by the court and cross-examined by the attorney for the state. Certified copies of the records of the proceedings in the justice court and the district court in Bonneville County, including the complaint, warrant of arrest, sheriff's return thereon, the information, the minutes of proceedings in those courts, judgment, order and agreement of parole, and committment, were admitted in evidence.

The court in this proceeding found that: plaintiff was served with the warrant of arrest; he was not denied, but waived, a preliminary hearing; he was represented by an attorney; and he entered a plea of guilty without harassment or coercion. The findings are supported by the evidence. The evidence would not support a finding in favor of plaintiff on any one of the issues raised by his petition. He admitted he waived a preliminary hearing and entered a plea of guilty as advised by his counsel; that his attorney was present at every court appearance except the last when his parole was revoked and committment issued.

Upon this appeal, at plaintiff's request, this court appointed competent counsel to investigate plaintiff's appeal and to take such action in behalf of plaintiff as the facts revealed by such investigation warranted or required. Thereafter, appointed counsel advised this court in writing that he had studied the records of the criminal proceedings, and of the habeas corpus proceedings, and had interviewed plaintiff; that from his investigation he had concluded plaintiff's appeal was without merit, and asked to be relieved from the assignment as plaintiff's counsel. This request was granted.

The record shows the petition for writ of habeas corpus was frivolous and without foundation.

Order affirmed.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.