428 P.2d 947

John H. EBERSOLE, Plaintiff-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9868.

Supreme Court of Idaho.

June 15, 1967.

J. Dennis Faucher, Boise, for appellant.

Allan G. Shepard, Atty. Gen. and Max Eiden, Jr., Asst. Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

This appeal is from an order of the Ada County District Court quashing a writ of habeas corpus issued upon the petition of John H. Ebersole. By his petition appellant alleged that he was unlawfully incarcerated in the Idaho State Penitentiary, that the judgment of conviction and imprisonment by which he was held violated his rights under the United States Constitution and the Constitution of this State.

Briefly, the facts leading to this appeal are as follows: Appellant was arrested September 8, 1965, in Jefferson County and charged with the crime of second degree burglary. He was brought before the probate court that day but, being under the influence of narcotics, hearing was continued until the next day, September 9th, at which time he waived preliminary hearing and was bound over to the Jefferson County District Court. The following day, September 10th, he was taken before the Court for arraignment. The judgment of conviction recites that on that day appellant waived counsel, entered a plea of guilty, and was adjudged guilty of the crime of second degree burglary. The judgment ordered pre-sentence investigation with appellant being committed to State Hospital South for investigation and treatment. On October 8, 1965, appellant was returned to court and sentenced, with the sentence being suspended and appellant placed on probation. On December 17, 1965, he was again brought before the court

for violation of the probation order, and judgment and commitment to the Idaho State Penitentiary was entered.

On the habeas corpus hearing before the Ada County District Court, the evidence reflected that at the time of appellant's arraignment before the Jefferson County District Court, appellant was not represented by counsel; and no court reporter or clerk of the court was present. At the habeas corpus hearings, appellant testified, as did the Jefferson County District Judge. Numerous exhibits were admitted, and based on evidence received, the Ada County District Court entered its findings of fact, conclusions of law and judgment quashing the writ of habeas corpus.

On this appeal appellant assigns error of the Ada County District Court in entering its judgment quashing the writ of habeas corpus; also in entering certain findings of fact, and its conclusions of law.

Among the findings of fact entered by the Ada County District Court, claimed to be in error, are the following:

"That when the Petitioner was arraigned before the District Court, the Information charging him with Second Degree Burglary was read to him, and he was advised of his rights—including his right to court appointed counsel at county expense if he did not have sufficient funds to procure his own counsel.

"* * *.

"That the Petitioner further stated to the Court that he wanted to enter a plea and did enter his plea of 'guilty' to the crime of Second Degree Burglary as charged in the Information. * * *."

Based on the findings of fact, the court entered conclusions of law which are assigned as error, as follows:

"That the Petitioner has not been deprived of due process and all of his constitutional rights were accorded him.

"That there were no procedural defects in connection with Petitioner's arraignment and sentence which would deprive the sentencing Court of jurisdiction

or render the Judgment of Conviction invalid.

"* * *.

"That the Petitioner voluntarily entered his plea of 'Guilty' to the crime of Second Degree Burglary as charged in the Information."

 This Court, recently decided two cases involving the duty of a trial court to advise a defendant of his constitutionally guaranteed right to counsel and to the right to have counsel appointed at public expense in the event of such defendant's indigency, viz., Bement v. State, 91 Idaho 388, 422 P.2d 55, followed by Pharris v. State, 91 Idaho 456, 424 P.2d 390. The following statement from Bement v. State bears repeating:

"The right to counsel, 'the most pervasive right of an accused,' has been accorded singular significance by federal courts. So important is the right, and so strong the presumption against its waiver, that a *trial judge's clear and recorded statement of the right to an accused felon* before inquiring whether the accused wishes to 'waive' the right, followed by the accused's immediate affirmative 'waiver,' will not necessarily compel a finding of intelligent waiver. (citations)." (Emphasis added.) 422 P.2d at 62.

In Bement v. State, the following portion of the opinion of the Supreme Court of the United States in Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, is quoted:

"To discharge this duty ['protecting duty' of a trial judge to fully safeguard the right to counsel] properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made

with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, * * *. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." 332 U.S. 723–724, 68 S.Ct. 323, 92 L.Ed. 311.

In Pharris v. State, supra, the following quotation is applicable in evaluation of the record now before this court in the instant cause:

"The right of an indigent accused to be represented by counsel has often been stated by the United States Supreme Court in terms of a correlative duty resting upon the trial judge to affirmatively present the accused with a broad understanding of the whole spectrum of his right to counsel prior to the acceptance of any ostensible waiver of such right. (citations.) This duty fully to advise an accused of these rights bespeaks, at least, of a strong presumption against the waiver of a constitutionally guaranteed right, where, as here, a knowing and intelligent waiver does not affirmatively appear from the record of the proceedings before the court wherein the accused was required either to elect to have counsel, or to waive the right to counsel. (citations.)" 424 P.2d at 393–394.

At the Ada County habeas corpus hearing, a copy of the judgment of conviction and order for pre-sentence investigation entered by the Jefferson County District Court on September 10, 1965, was admitted in evidence. Therein it is stated:

"* * * defendant was duly informed by the court that he should, in fact, obtain an attorney if there was any doubt in his mind whatsoever concerning the charges or the ability of the State of Idaho to prove said charges; that the defendant specifically stated he did not desire counsel * * *;"

The District Judge who presided at the Jefferson County proceedings was called as a witness by the state and testified at the Ada County District Court proceedings. He stated, among other things:

"* * * I read the charge to him as it was contained in the county attorney's information, I informed him he had a right to an attorney and I told him that if he wanted an attorney he could have one, I also told him that if he felt he wanted an attorney but felt that he could not afford one that the county would furnish one for him, and I went a little farther than that, I think Mr. Ebersole had made some commitments before I did, but well, no, he had not, but I had read the charge to him, I remember telling him that with regard to this charge in making a plea he had the choice, he could plead guilty or he could not plead guilty, and I remember telling him that in making a plea of guilty he should consider that the presumption of innocence was in his favor and that the Court would presume that he was innocent until someone had proved that he was guilty, and that if he wanted to, he had the right to insist that he be tried and I told him that I would not only—I not only told him that he had the right to an attorney but advised him that if he thought he was not guilty, or that if they were unable to prove that he was guilty he should insist on having an attorney and try the case, and the record more or less contains that—* * * and then I asked Mr. Ebersole—Mr. Ebersole said he did not want an attorney, he was ready to make his plea, and as nearly as I can remember he was rather emphatic about it, he did not see how an attorney could do him any good, * * *."

▮ From the record it does not appear that appellant was ever asked if he comprehended what was taking place in court, or as to his financial condition; and certainly there is nothing in the record that reflects any response by appellant to interrogations in regard to his understanding of those rights and reflective of a knowing and intelligent waiver of the right to counsel, essential to a valid waiver of such right.

"The fact that an accused may tell him [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder". Von Moltke v. Gillies, supra.

It is our further conclusion that the Jefferson County trial court failed to follow mandatory statutory requirements in conducting appellant's arraignment.

Attention is first called to the provisions of Idaho Const. Art. 1, § 13, which guarantees that no person shall be deprived of life, liberty or property without due process of law, and also the provisions of the Fourteenth Amendment of the United States Constitution which prohibits any state from depriving any person of life, liberty, or property without due process of law. In this appeal it is admitted that the Jefferson County District Court conducted the arraignment of appellant without the presence of the court reporter, or the clerk of the court.

The record before this Court reflects that the only records of the Jefferson County District Court are the following instruments:

1. Transcript of docket of the probate court, dated September 10, 1965.

2. Prosecuting Attorney's Information, filed September 10, 1965.

3. Judgment of Conviction and order for Pre-sentence Investigation, dated September 10, 1965, filed September 15, 1965.

4. Order of Parole, dated October 8, 1965.

5. Judgment of Commitment of Conviction, dated December 15, 1965.

There are no minutes of the clerk of the court, and there is no transcript by the court reporter.

I.C. § 1–1101 and § 1–1102 provide for the appointment of district court reporters, their taking of oath, payment of salary and expenses and their duties. I.C. § 1–1103 provides:

> "The said reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, *but the parties may, with the consent of the judge, waive the recording by such reporter of any part of the proceedings* or testimony." (Emphasis added.)

I.C. § 1–1104 requires the filing by the reporter of the stenographic records and reports with the clerk of the district court. It is to be noted that I.C. § 1–1103 and § 1–1104 are both mandatory in terms.

In the present case there is no record of any waiver by the parties, "with the consent of the judge" of the requirement of recording of "all oral proceedings" by the court reporter. No reason was given by the trial court why the reporter was not present other than that it was "a little awkward to have a reporter accompany me because, as a general rule he does not have much to do * * *." No reason appears in explanation of the absence of the clerk of the court who, upon order of the court, is charged with the responsibility of taking down the testimony in the absence of the shorthand reporter. I.C. § R12–608.

I.C. § 19–2519 specifies the duties of the clerk of the court when a judgment of conviction is rendered. As far as this record reflects, the absence of the clerk would have made it impossible for him to comply with such section of the statute, which is a necessary adjunct to protect a defendant's right to appeal. I.C. § 19–2801; Idaho Const. Art. 5, § 9.

The district court, a court of record, speaks through its records. Jackson v. State, 87 Idaho 267, 392 P.2d 695; Pac. Finance Corp. of Cal. v. LaMonte, 64 Idaho 438, 133 P.2d 921; 21 C.J.S. Courts § 237, p. 442; 20 Am.Jur.2d 425, Courts § 55. In Farmer v. Loofbourrow, 75 Idaho 88, 94, 267 P.2d 113, 116, 41 A.L.R.2d 774, this court stated:

> "The oral consent allegedly made in open court to waive a jury trial was never entered in the minutes as required by Sec. 10–301, I.C.; respondent makes no contention otherwise but seeks to set up court minutes by the affidavit of his counsel; this cannot be done as *district courts can speak only through their records.* It follows that the affidavit will not be considered." (Emphasis added.)

See also: Herren v. People, 147 Colo. 442, 363 P.2d 1044, 1046 (1961), wherein it is stated:

> "It has been said that the reason for the creation of courts of record is founded on the proposition that judicial records are not only necessary but indispensable to the administration of justice. The court hears arguments and decides upon its records; it acts by its records; its openings, sessions and adjournments can be proved only by its records; its judgments can be evidenced only by its records. The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and the judge speaks only through the court."

In People v. Serrato, 238 Cal.App.2d 112, 47 Cal.Rptr. 543, 547 (1965), the court stated:

> "Here, we have a case in which the defendant without any fault of his own was deprived of the right to an effective presentation of his appeal due entirely to a failure on the part of an official of the trial court to comply with the law. It would be a violation of the fundamental rights of the defendant to hold that an effective possibility of appealing

the convictions was properly taken away by the omission of a court official to perform the duties prescribed by our system of justice [i.e., failure to prepare a reporter's transcript]."

In Fowler v. United States, 310 F.2d 66, 67 (5th Cir. 1962), that court in discussing the failure of a reporter to record the argument of counsel, had this to say:

"The record before us does not contain argument of counsel. By the Government's brief we are informed that 'The local practice is such that unless counsel request the recording of closing arguments they are not taken down.' Local practice cannot override a federal statute. The Congress has directed that a court reporter shall record all proceedings in criminal cases had in open court. 28 U.S.C.A. § 753(b). The requirement is mandatory and without a transcript of the argument of counsel we are unable to determine whether the United States Attorney made such prejudicial comment as to require reversal. This being so, it follows that a new trial must be had."

United States v. Taylor, 303 F.2d 165 (4th Cir. 1962), in discussing the requirement of the federal statute concerning the duties of court reporters, held that the statute requiring court reporters to record all proceedings in criminal cases had in open court is designed to preserve a correct and authentic record of criminal proceedings free from infirmities of human error, and to safeguard a defendant's rights. Parrott v. United States, 314 F.2d 46 (10th Cir. 1963), held that the federal statute, requiring recording in criminal cases had in open court, is mandatory and that the court has the duty to require compliance therewith, and that local rule or practice cannot override it. See also: Stephens v. United States, 289 F.2d 308 (5th Cir. 1961); Brown v. United States, 314 F.2d 293 (9th Cir. 1963). In Schita v. King, 133 F.2d 283 (8th Cir. 1943), the court, in an opinion which emphasizes the necessity of a reporter's record of proceedings, held that a petitioner for writ of habeas corpus

was not only entitled to appointment of counsel in ample time to enable counsel to prepare for trial, but that petitioner was entitled to have a record of the hearing, including testimony, preserved in such manner so as to enable him, if occasion should arise, to present his case to an appellate court. In Edwards v. United States, 374 F.2d 24, 26 (10th Cir. 1967), it was noted:

"It is well to note the mandatory requirements of 28 U.S.C.A. § 753(b). It is the responsibility of the court to be certain that its provisions are strictly observed, and no request is necessary. The legislative history of the statute makes it clear that the Court Reporters' Act was enacted for the protection of the parties and of the court and to the end that justice may be served by having available an adequate record, and particularly so in a criminal proceeding."

See also: Comment, 54 Calif.L.Rev. 1262, 1292 (1966), Criminal Waiver, IV Recordation of Waivers.

Recently, the Supreme Court of the United States in Application of Gault, 386 U.S. ——, 87 S.Ct. 1428, 18 L.Ed.2d 527, in discussing the issue of constitutionality of the Arizona statute, which failed to provide a right of appeal, to a minor, stated:

"This Court has not held that a State is required by the Federal Constitution 'to provide appellant courts or a right to appellate review at all.' In view of the fact that we must reverse the Supreme Court of Arizona's affirmance of the dismissal of the writ of habeas corpus for other reasons, we need not rule on this question in the present case or upon the failure to provide a transcript or recording of the hearings—or, indeed, the failure of the juvenile court judge to state the grounds for his conclusion. * * *." 87 S.Ct. at 1459–1460.

However the Court referred to Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and in making reference thereto used language indicative of

how that Court might rule upon a case which presented a factual situation where no record was available, by saying:

"\* \* \*. As the present case illustrates, the consequences of failure to provide an appeal, *to record the proceedings,* or to make findings or state the grounds for the juvenile court's conclusion may be to throw a burden upon the machinery for habeas corpus, *to saddle the reviewing process with the burden of attempting to reconstruct a record, and to impose upon the juvenile judge the unseemly duty of testifying under cross-examination as to the events that transpired in the hearings before him.".* (Emphasis added.) 87 S.Ct. at 1460.

Appellant herein, at the Ada County District Court habeas corpus proceedings, was faced with this dilemma: He was unable to secure a transcript by the court reporter of what, in fact, transpired before the Jefferson County District Court. Nor was he able to secure court minutes prepared by the clerk of that court. All that he could do was rely upon his own testimony, and be faced with the testimony of the district judge testifying from his own recollection of what transpired in court, and the potential testimony of the prosecuting attorney who was in attendance at the Jefferson County proceedings (but who was not called as a witness at the habeas corpus hearing).

Appellant's dilemma was not of his own making. The statutory provisions requiring the recording of oral proceedings by the court reporter, and the presence of the clerk of the court to take the minutes are fairly designed to make the record before the District Court which is a court of record, and to protect a defendant from the very situation now before this Court. It is not the failure of the established procedures that lead to appellant's dilemma; it was a failure to comply with the mandatory provisions of the statute.

■ When there is such a breakdown in the application of established procedures, as is reflected by this record, which necessitat-

ed resort to the parol evidence of court officials and of the appellant himself to establish what took place in a court of record, there is such a lack of fundamental fairness and deviation from established rules of procedure as to necessitate the conclusion that appellant has not been afforded the protection of the due process clauses of the Constitutions of the United States and this State.

The judgment is reversed and the cause remanded with directions to the trial court to enter an order directing the warden of the State Penitentiary to release and discharge appellant, unless the prosecuting attorney of Jefferson County obtains a bench warrant for the further prosecution of appellant prior to remittitur herein.

SMITH and McQUADE, JJ., concur.

SPEAR, Justice (concurring specially).

I concur in the result reached in the majority opinion, but I wish to emphasize the fact that it contains no deviation from the fundamental rule that the burden of proof is upon the petitioner in a habeas corpus proceeding wherein he alleges he has been deprived of his constitutional rights to assistance of counsel. It is important to note that in his application for writ of habeas corpus appellant alleges that "\* \* \* John H. Ebersole was denied due process of law by not being given right to have counsel, this right was refused when asked for when requested by the defendet, John H. Ebersole, \* \* \*."

At the habeas corpus proceeding before Judge Durtschi there was adduced only the testimony of the appellant and the trial judge who presided over the original arraignment, and from the résumé thereof contained in the majority opinion it is clear to me that appellant effectively waived his right to counsel. There is no evidence to sustain appellant's contention that this right was refused when asked for, or requested by, the defendant. Appellant's testimony sharply contradicted not only Judge Burton's testimony but the court records as well. The district court ob-

viously could apply the usual test of credibility to evaluate the conflicting allegations and evidence. We cannot say that the finding should be rejected as clearly erroneous or question the determination that appellant failed to meet his burden of proving the lack of a knowing or intelligent waiver by a preponderance of the evidence, even in the face of the presumption against such waiver relied upon so heavily in the majority opinion.

The finding of the district court concerning the allegation of the demand for counsel and refusal of the court to grant the same and the finding that in fact appellant did waive his right to counsel in a knowing and intelligent manner is clearly supported by the docket entry recitations as well as by the testimony adduced. Where the district court findings are supported by substantial and competent, though conflicting, evidence, they will not be disturbed upon appeal. King v. MacDonald, 90 Idaho 272, 410 P.2d 969 (1965); Cantlin v. Carter, 88 Idaho 179, 397 P.2d 761 (1964); Jain v. Priest, 30 Idaho 273, 164 P. 364 (1917); Haddon v. State, 91 Idaho 460, 424 P.2d 394 (1967).

Therefore these findings of fact and the conclusions of law based thereon should be affirmed.

However, I agree with the majority opinion in effect holding this cause must be returned to Jefferson County for proper arraignment with such proceedings correctly and wholly reported by a court reporter.

While it may be contended that the "oral proceeding" provided for in I.C. § 1–1103 was intended to mean only those proceedings in which sworn testimony was being given in open court, it nevertheless can be construed, as it has by the majority opinion, to include the colloquy between the trial judge and the accused in an arraignment upon a felony charge to enable the trial judge to ascertain whether or not the accused knowingly and intelligently waives his right to the assistance of counsel in the course of such arraignment and subsequent proceedings, if necessary. That

such record is requisite appears from the holdings of the various authorities cited in the majority opinion, and I feel these are bolstered by the partially concurring and partially dissenting opinion of Justice Harlan in the recent case of The Application of Gault, 386 U.S. ——, 87 S.Ct. 1428, 1467, 18 L.Ed.2d 527. In discussing the criteria of the procedural requirements of due process demanded by the Fourteenth Amendment of the United States Constitution, in proceedings against juveniles in juvenile courts, of the three procedural requirements included is

"* * * and third, the court must maintain a written record, or its equivalent, adequate to permit effective review on appeal or in collateral proceedings."

Where the proceedings at the original arraignment in the case at hand were not reported by the court reporter and no minutes thereof were filed with or by the clerk of the court, there is a total lack of written record or its equivalent, and this deficiency must be remedied.

I arrive at this conclusion most reluctantly, because I am convinced from the record produced in the hearing on the writ of habeas corpus that this defendant's rights were adequately protected; and that, in fact, Judge Burton gave this appellant every possible break, even to placing him on probation after having him treated for thirty days in Idaho Hospital South at Blackfoot. Additionally, it appears this proceeding is merely an exercise in futility on the part of the appellant. Nowhere in these entire proceedings has it in any manner been contended or even intimated that the appellant has any possible defense to the charge to which he plead guilty and for which he was sentenced to five years in the penitentiary.

I concur in reversing the judgment and remanding the cause to the court which tried the habeas corpus proceeding with directions as indicated in the majority opinion.

TAYLOR, C. J., concurs in this concurring opinion.