**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40557**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 512** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 22, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL DALE ROBERTS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michael Dale Roberts appeals from the denial of his motion to withdraw his guilty plea. He also alleges that the district court violated his due process rights by failing to preserve the record for appeal.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Roberts and another individual were sitting in a vehicle in the rear section of a parking lot. The individual sat in the front passenger seat and Roberts sat in the rear of the vehicle. While on bicycle patrol, two Meridian police officers noticed the vehicle and as they approached, one of the officers observed Roberts reach under the front passenger seat in a hurried motion. When the officer made contact with the occupants, the officer observed three syringes in plain view under the front passenger seat where Roberts' hands had just been. The occupants indicated that their friend owned the car and that he was currently working inside at a pizza

restaurant. One of the officers entered the restaurant and obtained consent to search the vehicle. The officers found paraphernalia in the rear of the vehicle where Roberts had been seated, and they found used syringes in the front passenger door. A search of the center console revealed an oxycodone pill, several unused syringes, and other paraphernalia. Some of the paraphernalia contained residue, which the other occupant indicated came from Roberts having crushed a pill and injected himself prior to the officers' arrival.

The owner of the vehicle denied any knowledge of the drug items. The other occupant indicated that all the items belonged to Roberts. The officers did not observe any needle puncture marks on the occupant's arms. Roberts denied possession of any of the items and denied placing anything under the passenger seat. Roberts continued to deny placing his hands under the seat even after the officer indicated he had seen him move his hands there. While speaking to Roberts, one of the officers observed two puncture wounds on his arm that resembled markings that are made from needles drawing blood. The officers placed Roberts under arrest.

The State charged Roberts with felony possession of a controlled substance (oxycodone) and possession of drug paraphernalia. Pursuant to a plea agreement, Roberts pled guilty to possession of a controlled substance. In return, the State dismissed the paraphernalia charge. At the change of plea hearing, defense counsel confirmed that he had sufficient time to discuss the case with his client and to talk about potential defenses to the charge. He also indicated that he received all necessary evidence from the State except the lab report, which had not yet come back. Roberts agreed to plead guilty with the understanding that if the lab results showed the substance was not a controlled substance he could withdraw his guilty plea. The district court preferred this approach because it allowed Roberts to enter drug court as soon as possible.

Approximately ten months later, Roberts failed to appear at a scheduled drug court hearing and the district court issued a bench warrant. The court ultimately discharged Roberts from the drug court program for committing seventeen violations, including testing positive for noroxycodone and oxymorphone. Five days later, Roberts filed a motion to withdraw his guilty plea. In his motion to withdraw, Roberts argued he should be allowed to withdraw his plea because he maintained his innocence throughout drug court, alleged his plea was coerced, and alleged that the paraphernalia most attributable to him was not tested by the Idaho State Police Crime Lab. Roberts did not support his motion with testimony or other evidence. The State

provided the court with the police report to identify the factual circumstances of Roberts' arrest. The district court denied Roberts' motion.

Roberts timely appealed the denial of his motion to withdraw. He later filed a motion with the Idaho Supreme Court to augment the record seeking the eight pages of the police report that the district court reviewed at the motion to withdraw hearing. The Idaho Supreme Court ordered the district court clerk to provide the pages, or submit an affidavit from the clerk stating why the documents could not be provided. The Ada County appeals clerk filed an affidavit that indicated the documents were not in possession of the Ada County Clerk. The clerk also indicated that he provided all of the Fourth District Court's documents and the presentence investigation report (PSI) to the Idaho Supreme Court. He explained that when a criminal appeal record is prepared, he only includes documents that are contained in the record and the PSI report. The clerk noted that pages five through eight of the requested documents were located in the PSI.

## II.

## ANALYSIS

### A.     Due Process

Roberts argues that he should be "afforded another opportunity to withdraw his guilty plea because full appellate review of the district court's denial of motion to withdraw his guilty plea is not possible as the district court lost the only exhibit admitted in regard to said motion." The State argues that the documents were never admitted and were not part of the record. A defendant in a criminal case only has a due process right to "a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below." *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002) (citing *Draper v. Washington*, 372 U.S. 487 (1963)). A defendant's due process rights are violated when there is such a breakdown in the application of established procedures that the record is not adequately preserved for appeal. *Ebersole v. State*, 91 Idaho 630, 636, 428 P.2d 947, 953 (1967).

At the motion to withdraw hearing, the district court was unfamiliar with the specific circumstances surrounding Roberts' arrest. The prosecutor provided the court eight pages from a police report that had previously been disclosed to Roberts through discovery. The prosecutor stated:

3

Your Honor, just for purposes of our conversation today to make this a little bit easier, if I could, recognizing that it's not admissible for other purposes but the purposes of today's hearing, I'm providing you with what's been marked and provided counsel as pages one through eight of discovery in this case, which is the underlying police report. And that may be of assistance in discussing the facts.

The prosecutor then described the facts of the case as detailed in the reports. Defense counsel then stated: "I think the State's recitation of the facts is fair and is consistent with what's in the police report."

Upon our review, the prosecutor's recitation of the facts at the hearing matches the police reports marked five through eight in the PSI that is contained in the appellate record. The prosecutor referenced page eight of the discovery documents, which matches the information contained on the page marked eight in the PSI. The prosecutor directed the court where to read within the report and appears to have quoted directly from it. Compare the following statements of the prosecutor at the motion to withdraw hearing:

[I]f you go down one more paragraph, it says, "While speaking to him, law enforcement," it says, "I," but the officer observed two recent needle puncture wounds in the inner right arm above the forearm that had a slight bruising. The puncture wounds appear to be similar to those that are made from needles.

With the corresponding portion of the police report contained in the PSI:

While speaking to Michael, I observed two recent needle puncture wounds in the inner right arm above the forearm muscle, that had slight bruising around it. The puncture wounds appeared similar to markings that are made from needles drawing blood.

It is evident that the prosecutor paraphrased the report and gave the report to the court as an aid to follow along with the factual summary.

At the end of the hearing, the following colloquy occurred:

COURT:              So based on all of that, I'm going to deny his motion to withdraw his guilty plea at this time. And I don't remember -- do I need to give you back these police reports?
[PROSECUTOR]:   Court's preference. I have other copies, Judge.
COURT:              All right. I don't remember when the next date is.
[COUNSEL]:        I don't believe we have one, Judge.

4

This not only shows that the documents were not admitted into the record, but it is also possible that the court gave the documents back to the State after the hearing. The documents were not lost, as Roberts contends, but simply never became part of the record. Despite this, the contents of the documents were preserved through the prosecutor's recitation of the reports, to which Roberts agreed fairly summarized the reports. Further, at least four of the documents appear in the PSI, which seems to contain all the relevant information of the arrest. Roberts does not suggest how any missing information supports his arguments for withdrawal of his guilty plea.

Roberts contends that the Idaho Supreme Court has concluded that the documents are necessary for appellate review. Roberts misconstrues the Court's order. The Supreme Court ordered that the documents be produced for the appellate record, or to explain why the documents were not available. The Court did not conclude that the documents were part of the record or that they were necessary for proper appellate review. Rather, the Court's order simply directed the clerk to produce the documents if possible, or explain why it was not possible to produce the documents. The clerk complied with the order by indicating that the documents were not part of the court's file. If Roberts felt that these documents were relevant to establish a basis to withdraw his guilty plea, he should have asked that the documents be admitted or included in the record.[1] Roberts has failed to establish that his due process rights were violated.

**B.      Motion to Withdraw**

Roberts argues that his plea was not entered knowingly and intelligently because he did not know that he was pleading guilty to being in possession of a pill of oxycodone. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of

---

[1]      Roberts acknowledged receipt of the eight pages in discovery and that the recitation therefrom was accurate. Obviously he had a copy and he did not seek to include a copy once it was determined the court did not have a copy.

potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Roberts concedes that he did not provide any evidence to support his motion, but he claims this is because the district court lost the only exhibit admitted during the hearing. As noted above, the documents were not admitted, and the district court did not lose anything. Additionally, Roberts did not provide the police reports; the State did. Roberts admitted that the verbal recitation of the documents was accurate, and that transcript is available. Thus, Roberts merely relied on his attorney's unsupported assertion that Roberts thought he was pleading guilty to possession of residue contained in the paraphernalia.

The change of plea hearing transcript establishes that Roberts knowingly, voluntarily, and intelligently pled guilty to possession of a controlled substance. The subsequent test of the pill revealed that the substance was indeed oxycodone. The district court did not abuse its discretion in denying Roberts' motion to withdraw his guilty plea.

### III.
### CONCLUSION

Roberts has failed to show the district court violated his due process rights or abused its discretion in denying the motion to withdraw his guilty plea. Therefore, the denial of the motion to withdraw is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**