375 P.2d 996

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Harold L. THURLOW, Defendant-Appellant.**

No. 9032.

Supreme Court of Idaho.

Nov. 7, 1962.

Rapaich & Knutson, Lewiston, for appellant.

Frank Benson, Atty. Gen., William Swope, Asst. Atty. Gen., Boise, Owen Knowlton, Pros. Atty., Nez Perce County, Lewiston, for respondent.

McQUADE, Justice.

On September 22, 1960, a complaint was presented to the justice court of Nez Perce County charging the defendant, appellant here, with committing a lewd and lascivious act with a female child under the age of sixteen.

The complaint was signed and filed by a deputy sheriff of Nez Perce County predicated upon statements made to him on September 21, 1960, by Lana Thurlow, the minor daughter of defendant. Upon a warrant of arrest issued by the justice court, the defendant was brought before that court and arraigned. Defendant then waived his preliminary hearing and was bound over to the district court, all on the 22nd of September.

On September 30th defendant was arraigned before the district court pursuant to an information prepared by the prosecuting attorney of Nez Perce County. The entire. arraignment proceedings in the court consisted of the following:

"THE COURT: The defendant, Harold Thurlow, will rise please. You have been charged with the crime of lewd conduct with a child under sixteen under the name of Harold L. Thurlow. Is that your true name?

"MR. THURLOW: Yes, sir.

"THE COURT: Do you have an attorney?

"MR. THURLOW: No.

"THE COURT: Do you want an attorney?

"MR. THURLOW: No.

"THE COURT: You will listen to the reading of the information.

"(Information read by the clerk)

"MR. CLERK: To this information what is your plea, guilty or not guilty?

"MR. THURLOW: Guilty.

"THE COURT: Do you have any recommendations?

"MR. KNOWLTON: If the Court please, in this particular case I would move for a pre-sentence investigation.

"THE COURT: Be so ordered. (sic) You may be seated."

A pre-sentence investigation report, thereafter prepared and submitted by an agent of the Parole and Probation Board, after stating the facts of defendant's background, concluded:

"He (the defendant) never acquired a high education and actually has had little education. He is not considered intelligent, however his physical appearance is good and he is quite husky. He was married when young and he and wife had 5 children. He has not been considered a good provider or a good father. He was inducted into the army partly because of poor support. His wife also has not been considered too stable and both he and wife are regarded as heavy drinkers, beyond the family income. The marriage was never successful for a long period. There has been numerous separations and when they were not separated the family harmony has been absent."

The judgment of conviction was entered by the trial court upon defendant's plea of guilty on October 21, 1960, the district court sentenced defendant to the state penitentiary for a period of 20 years.

October 28th, an attorney was procured by defendant's wife. On November 1, 1960, the defendant, through his attorney, moved to withdraw the plea of guilty. Hearing on the motion was had on November 10th, continued to December 14th, and further continued to February 21st. Defendant asserted in his affidavit supporting the motion that (1) he was induced by the sheriff's office to believe that if he pleaded guilty his sentence would be much lighter; (2) he was not aware that the crime with which he was charged carried such severe punishment; and (3) that because of the humiliation to himself and his family resulting from such charge, he was resigned

to a plea of guilty as a means of closing the matter quickly and because of this attitude he was not aware of the full import and consequences of his plea of guilty.

At the February 21st hearing the district judge listened to argument, and considered petitions for writ of habeas corpus and for writ of error coram nobis.

On April 12, 1961, the petition for writ of habeas corpus was denied. On April 13, 1961, the district court denied all other motions made by defendant.

Defendant has taken this appeal from the order of denial of petition for writ of habeas corpus. He also appeals from the order of denial of the petition for writ of error coram nobis, motion to bring prisoner to testify, motion for expense money, motion for attorney's fees, and motion to withdraw the plea of guilty.

█ Appellant cites I.C. § 19–1513 as authority for allowance of attorney fees and expenses, but this statute is limited to the trial of a case and not to proceedings for writ of habeas corpus or writ of error coram nobis. I.C. § 19–1513 is as follows:

"Whenever upon the trial of a person in the district court, upon an information or indictment, it appears to the satisfaction of the court that the accused is poor and unable to procure the services of counsel, the court may appoint counsel to conduct the defense of the accused, for which service such counsel must be paid out of the county treasury, upon order of the judge of the court, such sum as the court may deem reasonable for the services rendered."

There is no statutory authority for expenditure of public funds in payment of Attorney fees and other expenses incurred in relation to petitions for writ of habeas corpus or writ of error coram nobis. Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475.

In the proceedings before the trial court the information was read to defendant. I.C. § 18–6607 provides:

"Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the State Prison for a term of not more than life."

In Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557, it was said:

"In the 17 years that have passed since its decision in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, this Court, by a traditional process of inclusion and exclusion has, in a series of decisions, indicated the

**102**

factors which may render state criminal proceedings without counsel so apt to result in injustice as to violate the Fourteenth Amendment. The alleged circumstances of the present case so clearly make it one where, under these decisions, federal organic law required the assistance of counsel that it is unnecessary here to explore the outer limits of constitutional protection in this area. 'Where the gravity of the crime and other factors—such as the age and education of the defendant, the conduct of the court or the prosecuting officials, and the complicated nature of the offense charged and the possible defenses thereto—render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair,' the Constitution requires that the accused must have legal assistance at his trial."

After the plea of guilty by the Court and before the passing of sentence the trial judge did not cause the defendant to be examined relative to the offense other than the information which was secured by the probation and parole officer and submitted to the judge in a written pre-sentence investigation report. In considering the duty of the trial court relative to this phase of a criminal proceeding, this Court has said:

"While generally no evidence of guilt is required in order to proceed to judgment, for defendant has himself sup-

plied the necessary proof, yet, where the court possesses any discretion as to the extent of the punishment, it is its duty to hear evidence as to the aggravation and mitigation of the offense, and also for the purpose of determining the degree of the offense. * * *" State v. Dawn, 41 Idaho 199, 239 P. 279.

See also 15 Am.Jur., Criminal Law § 519, p. 167.

Defendant was not advised that he might have time within which to consider the plea to be entered. I.C. § 19–1516 provides:

"If, on the arraignment, the defendant requires it, he must be allowed a reasonable time, not less than one day, to answer the indictment. He may, in answer to the arraignment, move to set aside, demur, or plead to, the indictment."

Although the trial judge did ask the defendant if he had an attorney and secondly if he wanted an attorney the requirements of I.C. § 19–1512 were not otherwise complied with. The statute provides:

"If the defendant appears for arraignment without counsel he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel the court must assign counsel to defend him."

Polk v. State, 26 Okl.Cr. 283, 224 P. 194 the court said:

> "The right of the accused to the assistance of counsel has long been regarded in this country as essential to the due administration of justice in criminal cases."

In that case the Court noted that:

> "The record affirmatively shows that the trial court did not inform him of his right to have counsel before being arraigned, and did not ask him if he desired the aid of counsel, or inquire as to whether or not he was able to employ counsel, or advise him that, if he was unable to employ counsel, it was the duty of the court to assign counsel to defend him, * * *".

In concluding that defendant herein did not waive his right to counsel we refer to a definition and construction of waiver.

> "Waiver is defined as the voluntary relinquishment of a known right. Thus, the accused not only must voluntarily manifest his intention to waive his right or rights but it must clearly appear that he is completely aware of the nature of the charge against him and is competent to know the consequences arising from his waiver of these rights. In this connection this court will indulge every reasonable presumption against a waiver of fundamental constitutional rights, and will not presume acquiescence in their loss." Davis v. State (Okl.Cr.) 368 P.2d 519.

See also, Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

■ Defendant was not advised that he could have counsel appointed for him at the expense of the county if he was unable to pay for such services out of his own assets, if any he had. It appears from the pre-sentence investigation that the defendant had little or no funds and that his credit rating was "poor". It is incumbent upon the court, upon an arraignment for an offense such as is here involved, to ascertain if a defendant is financially capable of hiring counsel and to advise the defendant in order that he may intelligently respond to the court's interrogation upon this subject. Unless informed of these statutory rights it is conceivable that defendant would not know of their existence and his inability to employ counsel would operate to deny him the opportunity to assert defenses to the charge in violation of his right of due process.

■ The information does not reflect the name of the prosecutrix. Such data is an essential part of the charge against the defendant for the crime of lewd and lascivious conduct. Cf. 27 Am.Jur. Indictments, § 80, p. 642; 42 C.J.S. Indictments and Informations § 142a, p. 1048.

These several errors in the conduct of an arraignment are important omissions. They are accentuated in light of the presentence investigation which contains the statement "the defendant is not considered intelligent." Cash v. Culver, supra.

This Court has held that under the statute the district court may, after judgment, grant a motion for leave to withdraw a plea of guilty and substitute a plea of not guilty, where the application is based upon the fact that the original plea was not made with understanding of the nature of the act on part of the defendant in making the plea. State v. Arnold, 39 Idaho 589, 229 P. 748.

Relative to permitting the withdrawal of a plea of guilty this Court in State v. Poglianich, 43 Idaho 409, 252 P. 177, ruled that the discretion to permit a plea of guilty to be withdrawn should be liberally exercised, citing State v. Raponi, 32 Idaho 368, 182 P. 855.

In view of the showing made we conclude that a liberal exercise of discretion should have prompted the lower court to permit the plea to be withdrawn, and it was error in failing to do so.

Defendant asserts that I.C. § 18–6607 under which he was proceeded against is unconstitutional. This section of the statute has been upheld in State v. Evans, 73 Idaho 50, 245 P.2d 788.

The judgment and order are reversed, and the cause remanded with instructions to permit the defendant to withdraw his plea of guilty and for further proceedings.

The cause is remanded for further proceedings.

SMITH, C. J., and TAYLOR, KNUDSON and McFADDEN, JJ., concur.