424 P.2d 390

**Dennis PHARRIS, Plaintiff-Appellant,**

**v.**

**The STATE of Idaho, Defendant-Respondent.**

**Nos. 9807, 9865.**

Supreme Court of Idaho.

March 2, 1967.

Glenn A. Coughlan, of Coughlan & Imhoff, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Justice.

Appellant appealed in Case No. 9807 from the order of the district court denying his petition for a writ of habeas corpus, and in Case No. 9865 from the judgment quashing the writ of habeas corpus issued therein. On appellant's petition, the two appeals have been consolidated for briefing and argument.

The crucial question presented to this court is whether prior to his entry of a plea of guilty to the crime of grand larceny appellant knowingly, competently and intelligently waived his statutory right to the aid and assistance of court-appointed counsel,

I.C. § 19–1512,[1] and the right to counsel guaranteed by the Sixth Amendment to the United States Constitution as "made obligatory upon the States by the Fourteenth Amendment." Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963).

On February 17, 1964, appellant, then eighteen years old, was arraigned in the District Court of the Eleventh Judicial District for Cassia County, on an information charging him with the crime of grand larceny arising out of the theft of a 1962 Rambler automobile. Appellant purportedly waived the right to counsel and pleaded guilty to the charge. Following a presentence investigation, appellant was placed on probation on April 6, 1964.

Following a complaint of violation of the order of probation, his probation was revoked and appellant was sentenced on July 27, 1964, to a term in the state penitentiary of not to exceed five years.

On November 1, 1965, appellant filed his petition in the Ada County District Court for writ of habeas corpus, which petition was denied (Case No. 9807). On January 24, 1966, appellant again petitioned for writ of habeas corpus, the writ issued (Case No. 9865), and the warden of the state penitentiary made his return. Three hearings were had on this second petition, culminating in findings of fact, conclusions of law and judgment which quashed the writ of habeas corpus previously issued.

Inasmuch as it is the conclusion of this court that the judgment in Case No. 9865 must be reversed, issues presented by appeal in Case No. 9807 need no further discussion, and the remainder of this opinion will be confined to the proceedings in Case No. 9865.

In the habeas corpus hearings before the Ada County District Court, the reporter's transcript of the arraignment proceedings, the transcript of the proceedings on parole revocation in the Cassia County District Court and the Cassia County Clerk's minute entries in regard to both the arraignment and parole revocation proceedings were admitted into evidence. Also admitted into evidence, over appellant's objection, was a transcript of proceedings involving a burglary charge against appellant before the District Court in Jerome County, which proceedings were held in November, 1963.

The transcript of the proceedings held February 17, 1964, in the Cassia County arraignment on the grand larceny charge reflects the following:

"THE COURT: The State of Idaho vs. Dennis Pharris. Mr. Pharris, it is my duty to advise you that the Prosecuting Attorney for Cassia County has filed his information charging you with the crime of grand larceny, allegedly committed on or about the 13th day of January, 1964, by the theft of a 1962 Rambler automobile owned by one Rollo Yountz of Heyburn, Idaho. Is Dennis D e n n i s Pharris P h a r r i s your true and correct name?

MR. PHARRIS: Yes, your Honor.

THE COURT: Do you have a lawyer, Mr. Pharris?

MR. PHARRIS: No, I don't.

THE COURT: Do you want one?

MR. PHARRIS: No.

THE COURT: The information will be read to you and a copy delivered to you.

(Information read by the Clerk)

THE COURT: You have just been arraigned, Mr. Pharris. According to the laws of this State you are entitled to a reasonable length of time after arraignment before you can be compelled to enter your plea. That time must not be less than one day. However, that time can be waived and you can enter

---

1. "If the defendant appears for arraignment without counsel he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel the court must assign counsel to defend him."

your plea today, if you wish. You are under no compulsion to waive the time, you are entitled to the delay if you desire it. Do you want to take the time given you by law, or do you wish to waive it?

MR. PHARRIS: I wish to waive it.

THE COURT: And now to the crime charged in the information, that of grand larceny of an automobile allegedly committed on or about the 13th of January, 1964, how do you plead, guilty or not guilty?

MR. PHARRIS: Guilty, your Honor.

THE COURT: How old are you?

MR. PHARRIS: Eighteen.

THE COURT: I understand you have been living with your mother and stepfather in Jerome.

MR. PHARRIS: My mother and father, yes, your Honor.

THE COURT: Mother and father at Jerome?

MR. PHARRIS: Yes, your Honor.

THE COURT: You are in jail now?

MR. PHARRIS: Yes, your Honor.

THE COURT: Pre-sentence investigation will be ordered in this case. * *."

■ Under the existing constitutional and statutory requirement of this state, every person charged with a felony is entitled to be represented by counsel, and if he is unable, because of indigency, to retain his own counsel, counsel must be appointed for him by the court. Idaho Const. Art. 1, § 13; I.C. § 19–1512 and § 19–1513; Bement v. State, 91 Idaho 388, 422 P.2d 55; State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962); cf. State v. Poglianich, 43 Idaho 409, 252 P. 177 (1927).

The right to be represented by counsel and to have counsel appointed for an indigent defendant is recognized by decisions of the United States Supreme Court, which hold that the provisions of the Sixth Amendment to the Constitution of the United States guaranteeing to an accused the right to assistance of counsel in both capital and non-capital criminal prosecution are applicable not only in federal prosecutions but also in state prosecutions by reason of the Fourteenth Amendment of the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (held to apply to non-capital cases); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (held to apply in capital cases). The doctrine discussed in Gideon v. Wainwright, supra, is held to apply retroactively. Doughty v. Maxwell, 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139 and 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Berryhill v. Page, 349 F.2d 984 (10th Cir. 1965); Commonwealth ex rel. O'Lock v. Rundle, 415 Pa. 515, 204 A.2d 439 (Pa.1964). Such right to counsel is not dependent upon a request for counsel by the accused. Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70.

■ It is self evident there was no compliance with the requirements that the accused be advised as to the right to have counsel appointed for him in the event of his indigency. However, the state does assert that appellant had been fully apprised of his right to counsel appointed by the court at public expense, in a prior criminal action before the Jerome County District Court on November 4, 1963, and thus his purported waiver of his right to have counsel appointed was intelligently and knowingly made. The transcript of the record before the Jerome County District Court shows that on that date appellant appeared for arraignment on a charge of first degree burglary. The court in that proceeding inquired if appellant desired an attorney, and upon being advised appellant wished to secure an attorney to represent him but was without funds, the court inquired whether appellant's father had funds to employ an attorney; the court stated:

"I am going to continue all further proceedings in this case until two weeks from today, the 18th of November. During that time both of you young men

[appellant and a co-defendant] and your parents are going to have to attempt to raise funds with which to retain your own counsel to represent you. If, at the end of that time and after you have made every serious effort and your parents have done likewise, you are unable to do so then you may report back to Mr. Seeley, your parents may, and sign an affidavit under oath to the effect that it is impossible to furnish counsel for the son.

"* * *.

"* * *. If both parents can, in all honesty, report to Mr. Seeley and sign under oath an affidavit that they cannot appoint counsel then the Court will appoint counsel to represent you, but that is the last expedient. It is your responsibility and your family's responsibility in the first instance to employ counsel. The taxpayers should not be required to do it except as a final last resort. * *."

Thereafter the cause was continued, and after counsel was obtained the case was held in abeyance.

The facts before the District Court of Ada County in the habeas corpus proceedings (disclosed by transcript of proceedings in both the Cassia County and the Jerome County District Courts) reflect: first, that before the Cassia County District Court appellant was not advised of his right to have counsel appointed in case he was without funds; second, that even though appellant was advised by the Jerome County District Court that if his parents couldn't raise funds to retain counsel, an affidavit to that effect should be filed, and the Court would then appoint counsel as a last resort, the statement by the Jerome County District Judge was wholly inapplicable to the Cassia County arraignment because appellant stood before the bench without the company of his parents and without having been there also afforded an intelligible offer of counsel at public expense.

The Ada County District Court found that appellant had actual knowledge of his right to court appointed counsel at taxpayers' expense if he had no funds, and concluded that appellant intelligently waived his right to counsel. The facts do not sustain such a finding, and the conclusion of law based on such erroneous finding is unwarranted. The facts concerning this finding of the trial court were presented to the trial court by documentary evidence, and in such case the Supreme Court is in as good a position as the court below to weigh them. Council Improvement Co. v. Draper, 16 Idaho 541, 102 P. 7; Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; Cleek v. Virginia Gold Mining & Milling Co., 63 Idaho 445, 122 P.2d 232; Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281; Perry v. Perkins, 73 Idaho 4, 245 P.2d 405; Johnson v. Noland, 78 Idaho 642, 308 P.2d 588; Crumley v. Minden, 80 Idaho 391, 331 P.2d 275.

The right of an indigent accused to be represented by counsel has often been stated by the United States Supreme Court in terms of a correlative duty resting upon the trial judge to affirmatively present the accused with a broad understanding of the whole spectrum of his right to counsel prior to the acceptance of any ostensible waiver of such right. Von Moltke v. Gillis, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); see Carnley v. Cochran, supra; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 87 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). See also Bement v. State, supra; Annot., 3 A.L.R.2d 1003. This duty fully to advise an accused of these rights bespeaks, at least, of a strong presumption against the waiver of a constitutionally guaranteed right, where, as here, a knowing and intelligent waiver does not affirmatively appear from the record of the proceedings before the court wherein the accused was required either to elect to

have counsel, or to waive the right to counsel. Carnley v. Cochran, supra. See Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (Nev.1965); Commonwealth ex rel. O'Lock v. Rundle, 415 Pa. 515, 204 A.2d 439 (Pa.1964); State ex rel. Burnett v. Burke, 22 Wis.2d 486, 126 N.W.2d 91 (Wis. 1964); cf. People v. Witenski, 15 N.Y.2d 392, 259 N.Y.S.2d 413, 207 N.E.2d 358 (Ct. App.N.Y.1965).

In State v. Thurlow, 85 Idaho 96, 103, 375 P.2d 996, 1000, this court stated:

"In concluding that defendant herein did not waive his right to counsel we refer to a definition and construction of waiver.

"'Waiver is defined as the voluntary relinquishment of a known right. Thus, the accused not only must voluntarily manifest his intention to waive his right or rights but it must clearly appear that he is completely aware of the nature of the charge against him and is competent to know the consequences arising from his waiver of these rights. In this connection this court will indulge every reasonable presumption against a waiver of fundamental constitutional rights, and will not presume acquiescence in their loss.' Davis v. State (Okl.Cr.) 368 P.2d 519."

Particularly on an arraignment, as concerns the right to counsel, an accused must be advised of his right to counsel and the right to have counsel appointed at public expense if indigent, for under our procedure the court must, before proceeding further, determine whether the accused desires counsel, and if he does not desire counsel whether in truth and in fact, as developed by the record at that time, he has knowledge of his rights and then has knowingly and intelligently waived them.

The judgment in case No. 9865 is reversed and the cause is remanded with directions to the trial court to enter an order directing the warden of the state penitentiary to release and discharge appellant, unless prior to remittitur herein, the prosecuting attorney of Cassia County obtains a bench warrant for the further prosecution of appellant.

TAYLOR, C. J., and SMITH, McQUADE and SPEAR, JJ., concur.