112

438 P.2d 31

**John F. NESTER, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

No. 9864.

Supreme Court of Idaho.

March 1, 1968.

———◆———

Weston & Weston, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

This appeal was taken from a judgment dismissing a writ of habeas corpus entered following hearing on issues presented.

On September 1, 1964, in the Bonneville County District Court, Case No. 2252, John F. Nester entered a plea of guilty to a charge of first degree burglary. On September 18, 1964, he was sentenced to serve a term of not more than three years in the penitentiary but the sentence was suspended and he was placed on probation.

On November 25, 1964, Nester was brought before the court again for probation violation, at which time he was found guilty of such violation. An order was entered November 27, 1964, revoking his probation.

On December 9, 1964, following a plea of guilty, the district court entered another judgment and conviction of first degree burglary committed on November 26, 1964, against appellant, reciting therein the previous three year prison sentence imposed for the first degree burglary charge to which he plead guilty on September 1, 1964. In this judgment and commitment, appellant was sentenced to an additional five year term in the penitentiary, with the first three year term "to be served consecutively with a five year sentence" imposed by the judgment.

While in the penitentiary, appellant petitioned the Ada County District Court for a writ of habeas corpus. Return was made and hearing had on issues framed. At the trial Nester testified as to the proceedings had in the Bonneville County District Court on an arraignment held on September 1, 1964, pertaining to the first burglary charge and also on the proceedings at the arraignment on December 9, 1964, on the second burglary charge. The court minutes of both of these proceedings reflect that he was advised of his right to counsel and that he waived the services of a lawyer, but those minutes do not state that appellant was informed that an attorney would be provided at county expense. Defendant, in his testimony, admitted that the trial court on the second burglary charge told him that he was entitled to be represented by counsel and that they would appoint him one; however, he denied that he was advised that the county would pay for such attorney. He also denied that he was ever advised during the first arraignment in September 1964 that he was entitled to an attorney. He further testified that he only had a third grade education. After Nester testified, the cause was continued so that the State could attempt to secure a reporter's transcript of the proceedings and

copies of the clerk's files of proceedings before the Bonneville County District Court on the two arraignments. Subsequently, copies of the various orders and court minutes were offered in evidence but no reporter's transcript was submitted because no reporter was present during the time of these arraignments.

The Ada County District Court entered findings of fact, one of which was to the effect that Nester had been advised of his right to court appointed counsel and that he waived such right even though he was told the court would appoint counsel for him.

This record falls short of standards required by this court in the following cases: State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962); Bement v. State, 91 Idaho 388, 422 P.2d 55 (1966); Pharris v. State, 91 Idaho 456, 424 P.2d 390 (1967); and Ebersole v. State, 91 Idaho 630, 428 P.2d 947 (1967). In these cases it is explicitly set out that the record must reflect not only that the accused was advised of his right to counsel at the time of arraignment, but also that if he could not afford counsel one would be appointed for him at county expense.

The respondent relies upon the case of Jackson v. State, 87 Idaho 267, 392 P.2d 695 (1964), as authority to affirm the present judgment of dismissal. That case, however, was decided prior to the decisions in the cases of Bement v. State, supra, and Pharris v. State, supra, which held that an accused must not only be advised of his right to counsel, but also that he must be advised of the fact that an attorney would be appointed for him at county expense should he be unable to afford one.

More than three years have elapsed since the judgment of conviction and commitment to serve a three year sentence in the penitentiary was rendered. Whether accused has been first serving this three year term or the five year term does not appear from this record. This case being reversed, should the prosecuting attorney of Bonneville County desire to proceed further, the appellant's present status in the penitentiary must be brought to the attention of the trial court, i. e., whether the three year sentence has been fully served, or whether the time appellant has served applies on the five year sentence, in order that a proper order may be entered in regard thereto.

The judgment is reversed and the cause remanded with directions to the trial court to enter an order directing the warden of the state penitentiary to release and discharge appellant unless the prosecuting attorney of Bonneville County obtains a bench warrant for the further prosecution of appellant prior to remittitur herein.

TAYLOR and McQUADE, JJ., and HAGAN, D. J., concur.

SPEAR, Justice (specially concurring).

I have no hesitancy in concurring with the foregoing opinion written by Justice McFADDEN.

However, I wish to point out that the facts in the cause at hand are vastly different from those in Ebersole v. State, 91 Idaho 630, 428 P.2d 947 (1967), for in the present case there was no evidence whatsoever introduced contradicting the testimony of the petitioner in which he stated that no offer had ever been made to him by the presiding trial judge to afford the services of an attorney *at the expense of the county*. It is Nester's testimony that no such offer was made in either the first or the second case. In *Ebersole,* such allegations and testimony by the petitioner were directly contradicted by testimony of the presiding judge in the course of the habeas corpus proceeding.

By concurring herein I want to make it very clear I am not in any manner abandoning the principles set forth in my special concurring opinion in Ebersole v. State, supra, in which opinion Justice Taylor concurred.

TAYLOR, J., also concurs.