438 P.2d 893

Jose MARTINEZ, Petitioner-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9953.

Supreme Court of Idaho.

March 28, 1968.

Rehearing Denied April 16, 1968.

Cosho & Humphrey, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

Appellant, an inmate of the Idaho State Penitentiary, appeals from a judgment of the district court quashing a writ of habeas corpus previously issued. Appellant, in the proceedings in the district court, was unrepresented by an attorney.

On August 9, 1963, appellant was arraigned before the District Court of Jefferson County in what was then the Twelfth Judicial District. Appellant, who was unrepresented by counsel at the arraignment, waived the right to an attorney and plead guilty to the charge of rape and on August 13, 1963, was sentenced to a term of life imprisonment in the penitentiary.

Appellant petitioned the Ada County District Court for a writ of habeas corpus, which was granted May 13, 1966. The state filed its return to the writ setting forth the Jefferson County judgment and conviction as the authority for holding appellant. Hearing was held in the Ada County District Court on May 31, 1966, and at the request of the state, the cause was continued until August 30, 1966, for further evidence to be introduced by the state. At the August 30 hearing, various instruments were offered by the state and admitted, and testimony of the sheriff of Jefferson County and the district judge was adduced.

Following entry of findings of fact and conclusions of law, judgment quashing appellant's writ of habeas corpus was entered.

In his petition for the writ of habeas corpus, appellant asserted that he had been denied numerous constitutionally guaranteed rights. In view of the result reached herein, discussion will be confined to only one of his assertions. Appellant contends that he was not informed of his right to have an attorney appointed for him at county expense prior to the time he waived his right to have an attorney, and prior to his pleading guilty. Appellant is a Mexican citizen and the record reflects that he has a limited knowledge of the English language and has no formal education whatsoever.

Dealing with the issue of whether appellant had been advised of his right to counsel, in addition to the testimony of appellant, the Jefferson County Sheriff and the district judge who presided at the arraignment testified as to the proceedings which took place at the arraignment. The judgment of conviction and commitment to the penitentiary as well as court minutes were admitted in evidence, but no transcript of the arraignment proceeding was available to the Ada County District Court because the court reporter was not present to make a record of the proceeding (I.C. § 1-1103), and the court did not require the clerk to take down the testimony at the arraignment (I.C. § R12-608).

Appellant testfied at the Ada County hearing that he did not understand what was taking place and that he was not informed of his right to have an attorney appointed to represent him at public expense. However, the arraigning district judge testified that he duly informed appellant of all his rights and took pains to make certain that appellant understood what was occurring. The sheriff's testimony as to what took place at the arraignment supported that of the district judge. The clerk's minute entry recites that "The Court asked the Defendant if he had an Attorney to which he replied that he did not. He was then asked by the Court if he wanted an attorney and he stated that he did not."

■ Upon a felony arraignment before the district court, that trial court has the duty to inform an accused that he has the right to be represented by an attorney and that an attorney will be provided at public expense in the event the accused's indigency makes it necessary. Nester v. State, 92 Idaho 112, 438 P.2d 31 (No. 9864, March 1, 1968); Ebersole v. State, 91 Idaho 630, 428 P.2d 947 (1967); Pharris v. State, 91 Idaho 456, 424 P.2d 390 (1967); Bement v. State, 91 Idaho 388, 422 P.2d 55 (1966); State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962).

In Ebersole v. State, supra, this court held that the record therein, which did not include either a minute entry by the clerk of the court or a reporter's transcript, was deficient. The decision was based upon the requirements of I.C. § 1-1103 and constitutional grounds. I.C. § 1-1103 provides: "The said reporter shall correctly report all oral proceedings had in said court * * *." I.C. § 1-1104 requires the reporter to "file the stenographic records and reports made by him with the clerk of the district court * * *." Without a reporter's transcript in order to establish the record of what took place at the arraignment, resort must be had to the testimony of those present at such arraignment. Clerk's minutes, of necessity, are summary in nature and do not contain all of the details as to what occurred.

Failure to have a reporter's transcript available to the district judge conducting the habeas corpus hearing would ordinarily place that judge in a most perturbing and embarrassing situation. The habeas corpus judge has before him on the one hand, an accused whose testimony by reason of his felony conviction is suspect (I.C. § R9-1209), and on the other hand, the district judge who conducted the arraignment, and the sheriff. At the time of the habeas corpus hearing, the court conducting that hearing must reconstruct what took place months before, and at a time when the memory of specific detail is dimmed. It is to avoid this very dilemma that the legislature has provided the judicial system with court reporters.

■■ When a person, such as the petitioner herein is deprived, through no fault

of his own, of the opportunity of affirmatively establishing the facts to demonstrate the legality or illegality of his incarceration, a fundamental lack of fairness in the judicial process is established. Especially is this so, when the legislature has provided the means to establish these facts—availability of a reporter's transcript. Under the facts of this case, with an acused having plead guilty to a felony without the aid and assistance of counsel, and he later asserts a denial of a substantial constitutional right, and the habeas corpus record fails to show a waiver of the recording of the proceedings by the reporter (I.C. § 1–1103), and there is no explanation for the failure to have a record of such proceedings, then there is such a breakdown of the judicial process as to constitute a deprivation of due process within the ambit of the constitutional requirements. See Nester v. State, supra; Ebersole v. State, supra.

The situation presented by this record must be distinguished from that present in Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963), wherein the death of the court reporter who took the record made it impossible for the state to furnish a transcript to an indigent defendant. But when, as here, lack of a transcript is attributable not to facts beyond the control of the state, but is caused by a failure of the state, the accused's constitutional right is effectively denied.

The judgment is reversed and the cause remanded with directions to the trial court to enter an order directing the warden of the state penitentiary to release and discharge appellant unless the prosecuting attorney of Jefferson County obtains a bench warrant for the further prosecution of appellant prior to remittitur herein.

McQUADE, J., and HAGAN, D. J., concur.

SPEAR, Justice (dissenting).

Adherence to the reasoning in my specially concurring opinion in Ebersole v. State, 91 Idaho 630, 428 P.2d 947, beginning at page 953, compels my dissenting to the majority opinion in this cause.

My opinion in *Ebersole* is equally applicable to the cause at hand and to reiterate it here would unnecessarily lengthen this dissent. Therefore I merely adopt the reasoning thereof.

The difference in the two causes lies in the fact that in *Ebersole* there were *no court minutes* filed with or taken by the clerk of the court, in addition to a lack of a court reporter's transcript, and therefore there was a total lack of any written record or its equivalent of the proceedings on the arraignment of the accused. Not so here. The clerk's minute entry, as pointed out in the majority opinion, recites that:

"The Court asked the Defendant if he had an Attorney to which he replied that he did not. He was then asked by the Court if he wanted an attorney and he stated that he did not."

It is true the minute entry does not contain the magic words that the defendant had been advised also that in the event he lacked the sufficient funds to hire an attorney the court would appoint an attorney to defend him at the cost of the county.

However, this deficiency in the minute entry is amply and adequately supplied by the testimony of the district judge who presided at the arraignment and the sheriff who attended the arraignment in the course of the habeas corpus proceedings.

As stated in *Ebersole*:

" * * * The district court obviously could apply the usual test of credibility to evaluate the conflicting allegations and evidence. We cannot say that the finding [that the accused had been properly advised of his constitutional rights] should be rejected as clearly erroneous or question the determination that appellant failed to meet his burden of proving the lack of a knowing or intelligent waiver by a preponderance of the evidence, even in the face of the presumption against such waiver relied upon so heavily in the majority opinion.

"The finding of the district court concerning the allegation of the demand for counsel and refusal of the court to grant the same and the finding that in fact appellant did waive his right to counsel in a knowing and intelligent manner is clearly supported by the docket entry recitations as well as by the testimony adduced. Where the district court findings are supported by substantial and competent, though conflicting, evidence they will not be disturbed upon appeal." (Citations)

It is my opinion that these authorities require affirming the findings of fact and conclusions of law of the trial court in the habeas corpus proceeding.

The majority opinion, if carried to its logical conclusion, would require the presence of a reporter at every criminal arraignment, no matter how difficult or impossible the circumstances may have been. The opinion insists upon a reporter's transcript of the arraignment proceedings in every habeas corpus proceeding in which a petitioner alleges that one or more of his constitutional rights were abridged in the course of the arraignment proceedings. In other words, the majority holds this is the *only* way the petitioner's contentions properly can be tested in a hearing on his writ. I hasten to agree with the majority that having a reporter's transcript of the exact proceedings at the arraignment is the *best* method, but I cannot agree that it is the *only* method.

As stated in Ebersole, I am going to adhere to the fundamental rule that the burden of proof is upon the petitioner in a habeas corpus proceeding to establish the deprivation of his constitutional rights particularly that of assistance of counsel at state expense in event he is an indigent; and if, as in the case at hand, there are the official court minute entries coupled with, and supported by, competent and substantial evidence establishing to the satisfaction of the trial judge that the defendant in fact was *not* deprived of any of his constitutional rights, then such a finding of fact by the trial judge presiding at the habeas corpus proceedings cannot be disturbed by this court on appeal.

For the foregoing reasons it is my opinion the order of the trial court quashing the writ of habeas corpus should be affirmed.

TAYLOR, J., concurring:

I concur with Justice SPEAR, and further observe that I.C. § 1–1103 prescribing the duties of the court reporter, is a part of the chapter of the code creating the office and prescribing the qualifications, duties, oath, and bond for the court reporter, and for the payment of his expenses and salary. It is not a part of the code of criminal procedure and does not confer any procedural right upon the accused. Assuming that the section requires the court reporter to report proceedings had upon arraignment in criminal cases, the failure of the court reporter to perform this duty does not deprive accused of any constitutional right, nor deprive the district judge of jurisdiction to conduct the arraignment proceedings in the absence of the reporter. The court reporter's stenographic notes and transcripts thereof are a part of the minutes of the court. I.C. § 1–1104 and R12–608. The latter section expressly provides that testimonial proceedings may be recorded by the clerk in the absence of the court reporter, and I.C. § 1–1103 provides that the parties may waive the recording by the reporter of any part of the proceedings or testimony. Assuming the legislature could constitutionally do so, it is clear that it did not intend to deprive the district court of jurisdiction or power to conduct arraignment proceedings in the absence of a court reporter.