523 P.2d 824

STATE of Idaho, Plaintiff-Respondent,

v.

Dell ALLDREDGE, Defendant-Appellant.

No. 11437.

Supreme Court of Idaho.

June 27, 1974.

---

1. Declaration of Trust, Pension Trust Plan, June 1, 1964.

**8**

------♦------

McDermott & McDermott, Pocatello, for defendant-appellant.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

On November 30, 1964, defendant-appellant Dell Alldredge was charged with the crime of second degree burglary and was arraigned in probate court. Appellant waived his preliminary hearing on December 15, 1964, and appeared for arraignment in district court on December 17, 1964.

At the arraignment, the district court inquired of appellant concerning his appearance without counsel, and advised appellant that counsel would be provided for him if

he wished. Appellant waived his right to counsel and entered a plea of guilty which was accepted by the trial court. The court thereafter sentenced appellant to serve an indeterminate sentence in the Idaho State Penitentiary for a period not to exceed two years. Appellant fully served the sentence imposed as a result of the conviction challenged herein.

Appellant is presently incarcerated in the Nevada State Prison, serving a ten year sentence for receiving stolen property. The Idaho conviction on the aforementioned second degree burglary charge has prevented appellant from being eligible for parole from the Nevada prison.[1] On December 6, 1972, appellant filed a petition for post conviction relief in Power County, alleging that he did not competently and intelligently waive his right to counsel and that his guilty plea was neither intelligently nor voluntarily entered by him. The district court reviewed the record and found that appellant was convicted legally and that he was not deprived of any of his rights. From the denial of that petition, appellant prosecutes this appeal.

We initially note that even though appellant has fully served the sentence imposed for the conviction herein challenged, the questions raised in his petition for post conviction relief are not moot. In a case closely analogous to the present case, this Court held that a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences would be imposed on the basis of the challenged conviction. In so holding, the Court found that ineligibility for parole resulting from prior convictions is a sufficient adverse effect to bring a party within the class of collateral legal consequences which will remove a case from the limbo of mootness. Smith v. State, 94 Idaho 469, 491 P.2d 733 (1971). Cf. Tryon v. Baker, 94 Idaho 222, 485 P.2d 964 (1971).

Appellant first assigns as error the fact that he was not adequately informed by the

---

1. Nevada Revised Statutes, § 213.110.

trial court of his right to counsel prior to entering a plea upon the felony charge and that he did not make a knowing intelligent waiver of his right to counsel. The colloquy between appellant and the trial court regarding counsel was as follows:

"THE COURT: You understand that you have the right to have counsel at all stages of these proceedings?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you wish counsel?

"THE DEFENDANT: No, sir.

"THE COURT: And do you understand that this court would furnish you counsel if you wanted it?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you are willing to waive that right?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right, Sir. At this time the clerk will read to you the prosecuting attorney's information.

"(Clerk read prosecuting attorney's information and copy handed to the defendant.)

"THE COURT: Mr. Alldredge, you have just had read to you the prosecuting attorney's information, and you have been handed a certified copy of that information. I again ask you if you understand the nature of the charge against you?

"THE DEFENDANT: Yes, sir, I understand.

"THE COURT: And again I ask you if you fully understand your rights to counsel?

"THE DEFENDANT: Yes sir.

"THE COURT: And you are willing to waive that right?

"THE DEFENDANT: Yes, sir."
(Rptr. Tr., pp 3–4).

■ The trial court's duty to inform a defendant of his right to counsel was stated in Martinez v. State, 92 Idaho 148, 438 P.2d 893 (1968), wherein the Court stated:

"Upon a felony arraignment before the district court, that trial court has the duty to inform an accused that he has the right to be represented by an attorney and that an attorney will be provided at public expense in the event the accused's indigency makes it necessary. (Omitting citations)." 92 Idaho at 149, 438 P.2d at 894.

See also Nester v. State, 92 Idaho 112, 438 P.2d 31 (1968); Abercrombie v. State, 91 Idaho 586, 428 P.2d 505 (1967); Pharris v. State, 91 Idaho 456, 424 P.2d 390 (1967); Bement v. State, 91 Idaho 388, 422 P.2d 55 (1966); I.C. § 19–1512.

■ While trial courts presently follow more elaborate practices in explaining a defendant's right to counsel, we do not find that the trial court's explanation to appellant in 1964 concerning his right to counsel was constitutionally defective. This case differs from State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962), wherein this Court held that the accused did not waive his right to counsel. In Thurlow the record indicated that the accused was uneducated and not considered intelligent. The entire colloquy between the court and the accused concerning the right to counsel was as follows:

" 'THE COURT: The defendant, Harold Thurlow, will rise please. You have been charged with the crime of lewd conduct with a child under sixteen under the name of Harold L. Thurlow. Is that your true name?

" 'MR. THURLOW: Yes, sir.

" 'THE COURT: Do you have an attorney?

" 'MR. THURLOW: No.

" 'THE COURT: Do you want an attorney?

" 'MR. THURLOW: No.

" 'THE COURT: You will listen to the reading of the information.' " 85 Idaho at 99–100, 375 P.2d at 997.

In this case, the trial court specifically advised appellant of his right to counsel at

all stages of the proceedings and specifically informed appellant that the court would furnish him counsel if he wanted it. Implicit in the court's statement that the court would furnish counsel was the fact that it would be furnished at the expense of the county. Appellant stated that he understood his right to counsel and, in response to the court's offer to furnish him counsel, stated that he understood such right and waived it. Additionally, following the reading of the prosecuting attorney's information, the court again inquired of appellant concerning whether he fully understood and waived his right to counsel, to which the appellant answered, "Yes, sir." While our present criminal rules, which were adopted in 1972, contemplate a more comprehensive explanation of all constitutional and statutory rights, it is the conclusion of this Court that, when judged by 1964 standards, appellant knowingly and voluntarily waived his right to counsel. Jackson v. State, 87 Idaho 267, 392 P.2d 695 (1964).

Appellant next assigns as error the fact that he was not informed by the trial court of the possible consequences of his plea of guilty prior to the court accepting his plea. The law in existence at the time of appellant's arraignment did not require that a defendant be advised as to what penalty might be imposed upon a plea of guilty. In Jackson v. State, *supra*, this Court, in ruling upon the same issue, stated:

> "As to the suggestion that defendant was not advised as to what penalty might be imposed upon a plea of guilty, we held in Cobas v. Clapp, supra, that he had no such right." 87 Idaho at 283, 392 P.2d at 705.

Present standards require that the trial court inform a defendant of the possible consequences of his guilty plea. Idaho Rules of Criminal Practice & Procedure, Rule 11. *See* Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Lockard v. State, 92 Idaho 813, 451 P.2d 1014 (1969). However, those standards have not been applied retroactively. *See*

Smith v. State, 94 Idaho 469, 491 P.2d 733 (1971) citing Coleman v. Alabama, 399 U. S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969). Since appellant's plea of guilty occurred more than five years prior to the decision in Boykin v. Alabama, and since there is no allegation or evidence of coercion, appellant is not entitled to relief.

Affirmed.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.